```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

GEORGE WISNER                    *

          Plaintiff              *

          vs.                    *    CIVIL ACTION NO. MJG-11-1018

THE MERCHANT VESSEL              *
SLOTERGRACHT, et al.
                                 *
          Defendants
*    *    *    *    *    *    *    *    *
```

MEMORANDUM & ORDER

The Court has before it Defendants' Motion to Dismiss [Document 3] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I.    BACKGROUND

On March 11 2008, Plaintiff, George Wisner ("Plaintiff"), was injured while working as a longshoreman on board the defendant cargo ship, M/V SLOTERGRACHT ("the Ship") in the Port of Baltimore. The ship is owned by Defendant CV Scheepvaartonderneming Slotergracht ("Owner") and, at all relevant times, has been managed by Spliethoff's Bevrachtingskantoor B.V. ("Manager").

Within the applicable period of limitations, Plaintiff filed suit in state court, asserting an in rem claim against the

Ship and an in personam claim against Manager. After limitations had run, Plaintiff filed an amended complaint in state court, substituting Owner for Manager. Shortly thereafter, Plaintiff filed the instant suit in federal court, asserting an in rem claim against the Ship and an in personam claim against Owner.

The Defendants contend that the instant federal suit is untimely because it was filed after the statute of limitations had run. Plaintiff contends that, by virtue of his timely filing in state court, the running of limitations should be tolled so that the instant case can proceed in federal court as timely filed.

## II. PROCEDURAL POSTURE

The instant motion is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the allegations made in the complaint. The inquiry under Rule 12(b)(6) is, typically, confined to the four corners of the complaint. However, if, as in the instant case, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for

summary judgment and disposed of as provided in Rule 56."  Fed. R. Civ. P. 12(d); <u>Bosiger v. U.S. Airways</u>, 510 F.3d 442, 450 (4th Cir. 2007).

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).

There is no factual issue regarding Defendants' limitations defense and Plaintiff's tolling contentions.  The pertinent facts are established by court records evidencing the dates of filing and contents of relevant documents.

III. <u>DISCUSSION</u>

    A.   <u>PERTINENT CHRONOLOGY</u>

The following table sets forth the pertinent chronology:

| 3/11/08 | Plaintiff injured in the accident at issue. |
|---|---|
| 1/11/11 | Plaintiff filed suit in state court, asserting <u>in rem</u> claim against the Ship and <u>in personam</u> claim against Manager. |
| 3/11/11 | Limitations expire. |
| 3/31/11 | Plaintiff filed amended complaint in state court substituting Owner for Manager as a defendant. |

| | |
|---|---|
| 4/19/11 | Plaintiff filed instant federal lawsuit asserting <u>in rem</u> claim against the Ship and <u>in personam</u> claim against Owner. |
| | |
| Present | State court case remains pending. The Ship and Owner intend to file a motion to dismiss.[1] |

B. <u>EQUITABLE TOLLING</u>

The doctrine of equitable tolling has been applied, albeit rarely, to enable a plaintiff to avoid the strict application of a statute of limitations. <u>Gayle v. United Parcel Service, Inc.</u>, 401 F.3d 222, 226 (4th Cir. 2005).

The Fourth Circuit, in <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000) stated:

> As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules. The doctrine has been applied in two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time. But any invocation

---

[1] Defendants filed a motion seeking dismissal, the motion was withdrawn by agreement, the parties jointly asked the state court to stay the case while awaiting a decision from this Court, the State court declined to stay the case, and defendants indicate they will refile the motion. <u>See</u> Tr. 3:21-4:16.

4

> of equity to relieve the strict application
> of a statute of limitations must be guarded
> and infrequent, lest circumstances of
> individualized hardship supplant the rules
> of clearly drafted statutes. To apply equity
> generously would loose the rule of law to
> whims about the adequacy of excuses,
> divergent responses to claims of hardship,
> and subjective notions of fair
> accommodation. We believe, therefore, that
> any resort to equity must be reserved for
> those rare instances where-due to
> circumstances external to the party's own
> conduct-it would be unconscionable to
> enforce the limitation period against the
> party and gross injustice would result.

Harris, 209 F.3d at 330 (citations omitted).

The Supreme Court has stated that equitable tolling has been permitted "where the claimant has actively pursued his judicial remedies by filing a defective pleading during" the limitations period. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). See also Laber v. Geren, 316 Fed. Appx. 266, 270-71 (4th Cir. 2009)(quoting Irwin, 498 U.S. at 96).

Plaintiff contends that the Court should apply the doctrine of equitable tolling and consider the Complaint herein to timely assert an in rem claim against the Ship and an in personam claim against Owner. These contentions shall be addressed in turn.

1. <u>In Rem Action Against the Ship</u>

Plaintiff filed a timely <u>in rem</u> claim against the Ship in state court, purportedly under 33 U.S.C. § 905(b). However, an <u>in rem</u> suit against a vessel is distinctively an admiralty proceeding and within the exclusive jurisdiction of the federal courts. <u>American Dredging Co. v. Miller</u>, 510 U.S. 443, 446-47 (1994). State courts "may not provide a remedy <u>in rem</u> for any cause of action within the admiralty jurisdiction." <u>Id.</u> at 446 (quoting <u>Red Cross Line v. Atlantic Fruit Co.</u>, 264 U.S. 109, 124 (1924)).

The parties agree that the state court does not have jurisdiction over the <u>in rem</u> claim and will, properly, dismiss Plaintiff's claims against the Ship when the Ship so moves.

It appears to be well settled that equitable tolling should not be applied where a timely state court filing was made in a court that clearly lacked jurisdiction over the claim. As stated by the Fourth Circuit:

> The commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations. Because the state court clearly lacked jurisdiction over the [instant] claims . . . equitable tolling under federal tolling principles is not appropriate in this case.

6

Shofer v. Hack Co., 970 F.2d 1316 (4th Cir. 1992)(citing Silverberg v. Thomson McKinnon Sec., Inc., 787 F.2d 1079, 1082 (6th Cir. 1986)). See also Booth v. Carnival Corp., 522 F.3d 1148, 1152 (11th Cir. 2008)("Eleventh Circuit decisions . . . have made clear that filing in a court without competent jurisdiction does not toll the statute of limitations"); Fox v. Eaton Corp., 615 F.2d 716, 719 (6th Cir. 1980)("as a general matter, the filing of an action in a court that clearly lacks jurisdiction will not toll the statute of limitations"), cert. denied 450 U.S. 935 (1981)).

The state court clearly lacked subject matter jurisdiction over Plaintiff's in rem claim against the Ship. Accordingly, under the current state of the law, the Court would not apply the doctrine of equitable tolling with regard to Plaintiff's in rem claim against the Ship. However, because the state court has not, in fact, acted, the Court cannot reach the issue on the merits and must dismiss the in rem claim against the Ship as prematurely brought, without prejudice.

### 2. In Personam Claim against Owner

Plaintiff filed a timely in personam claim in state court, under 33 U.S.C. § 905(b) against Manager. While district courts

have original and exclusive jurisdiction over admiralty claims, the "saving to suitors clause" has been interpreted to authorize state courts to exercise in personam jurisdiction over maritime tort claims provided they apply substantive maritime law. American Dredging, 510 U.S. at 446-47 (citing 28 U.S.C. § 1331(1)). Therefore, the state court has subject matter jurisdiction over Plaintiff's in personam, claim brought under 33 U.S.C. § 905(b).

After limitations ran, Plaintiff filed an amended complaint substituting Owner for Manager as the in personam defendant. Owner has filed a motion seeking dismissal of the state case on limitations grounds. Plaintiff has opposed the motion, contending that the filing of the amended complaint naming Owner as a defendant should relate back to the timely date of filing of the original complaint.

At this writing, there is no pending dismissal motion in state court and no agreement as to whether the state court will or will not dismiss Plaintiff's in personam claim against Owner. Accordingly, there has been no dismissal of Plaintiff's state court in personam claim against Owner and there may well never be one.

### a. If State Court Denies Dismissal

If the state court does not dismiss Plaintiff's in personam claim against Owner, Plaintiff will have timely sued Owner and will be able to proceed in state court. There appears to be no reason why the Court should apply the doctrine of equitable tolling in that circumstance. Nor does any authority brought to the Court's attention suggest that it can.

The sparingly applied doctrine of equitable tolling should be used, under proper circumstances, to preserve a cause of action. See Burnett v. New York Central R. Co., 380 U.S. 424, 430-36 (1965). However, there appears little reason to apply the doctrine to provide a Plaintiff having a valid pending state court case, with a post-limitations opportunity to commence a duplicative lawsuit in federal court so as to revisit his choice of forum decision.

### b. If State Court Grants Dismissal

If the state trial court should rule against Plaintiff, it would be holding that Plaintiff had not timely filed his claim against Owner, subject to the state appellate process. In that circumstance, a number of issues - apparently of first impression – would be presented. For example, would it be

proper, for equitable tolling purposes, for this Court to find that the amended complaint was timely filed in state court despite a state court determination that it was not timely filed?

          c.    In Personam Resolution

As with the in rem claim against the Ship, because the state court has not, in fact, acted, the Court cannot reach the equitable tolling issue on the merits. The Court must dismiss the in personam claim against Owner as prematurely brought, without prejudice. In so doing, however, the Court must observe that, under the current state of the law, the Court would not apply the doctrine of equitable tolling with regard to Plaintiff's in personam claim against Owner in the absence of a dismissal of that claim by the state court.

III. CONCLUSION

For the foregoing reasons:

1. Defendants' Motion to Dismiss [Document 3] is GRANTED.

2. Plaintiff's claims herein shall be dismissed without prejudice as prematurely brought.

3. Judgment shall be entered by separate Order.

SO ORDERED, on Tuesday, November 08, 2011.

_____/s/_____
Marvin J. Garbis
United States District Judge